UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMY ISCH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br><br>　　　　　　Defendant. | CAUSE NO. 1:19-CV-352 DRL |

OPINION & ORDER

Amy Isch appeals from the Social Security Commissioner's judgment denying her application for disability insurance under Title II and Title XVI of the Social Security Act, *see* 42 U.S.C. §§ 405(g), 1383(c)(3). Ms. Isch requests remand of her claims for further consideration. Having reviewed the underlying record and the parties' arguments, the court remands this case.

BACKGROUND

Although Ms. Isch appears physically capable of work, she suffers from a variety of mental health impairments. Ms. Isch has a high school education and has previous work experience as a cosmetologist [R. at 21]. On April 22, 2016, she filed a Title II application and a Title XVI application for benefits, claiming a disability onset date of January 1, 2013 [R. at 11].

Her claims were heard at an administrative hearing by Administrative Law Judge Arman Rouf on April 16, 2018 [R. at 11]. In a September 26, 2018 decision, the ALJ denied Ms. Isch's petition on the basis that she could not show that she was disabled as defined by the Social Security Act [R. at 11-23]. Thereafter, Ms. Isch timely challenged the decision by filing a request for review with the Appeals Council [R. 252]. After the Council denied her request [R. 1], Ms. Isch timely filed a complaint here.

STANDARD

The court has authority to review the ALJ's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusions," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do his impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform his former occupation; (5) is the claimant unable to perform any other work in the national economy given his age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

The ALJ found that Ms. Isch hadn't engaged in gainful activity since January 2013 [R. 14]. At step two, the ALJ found Ms. Isch has the following severe impairments: attention deficit disorder (ADD), major depressive disorder, generalized anxiety disorder, and premenstrual dysphoric disorder. *Id.* But at step three, the ALJ found none of those severe impairments met or equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Between steps three and four, the ALJ determined Ms. Isch's residual functional capacity (RFC) to be the following:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: performing simple, routine, and repetitive tasks; maintaining attention and concentration for two-hour segments; making simple work-related decisions; tolerating occasional changes in a routine work setting; occasionally interacting with supervisors and coworkers; and never interacting with the public.

[R. 16]. At step four, the ALJ determined, based on his RFC findings, that Ms. Isch was unable to perform past work [R. 21]. At step five, however, the ALJ found that Ms. Isch could perform other work that exists in significant numbers in the national economy [R. 22]. Because of his determination at step five, the ALJ denied Ms. Isch benefits.

Ms. Isch argues the ALJ gave inappropriate weight to the medical opinions when determining her RFC. The ALJ gave significant weight to the two non-examining medical consultants, Ken Lovko, Ph.D., and Donna Unversaw, Ph.D., and some weight to the psychological examiner, Dr. Heath Fervida.[1] Ms. Isch believes the ALJ should have given controlling weight to her treating psychiatrist, Jay Fawver, M.D., and substantial weight to Dr. Fervida.

The ALJ seems not to have assigned any weight to Dr. Fawver's January 28, 2013 opinion or, on this record, built a logical bridge for his consideration of it. A citation shows the ALJ reviewed the exhibit containing Dr. Fawver's opinion, but that was in reference to treatment predating the alleged onset date of disability [R. 18]. The opinion Ms. Isch cites is just following her alleged onset date of

---

[1] The ALJ also considered the opinion of Ms. Isch's primary care provider, Dr. Rowena Yu-Mendador, and her mental health counselor, Dr. William Biberstine. Ms. Isch does not contest the weight assigned to these sources.

3

January 1, 2013 [R. 428-30]. Dr. Fawver's January 2013 assessment was that Ms. Isch had attention deficit disorder (ADD), with prominent and pervasive impulsivity, distractibility, poor working memory and decreased frustration tolerance [R. 429].

The Commissioner responds to the ALJ's omission stating an ALJ isn't required to mention every piece of evidence. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Though that is true, an ALJ cannot simply ignore entire lines of contrary evidence, *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012), especially that of a treating source. Treating sources are entitled to deference and must be weighed using all the factors provided in 20 C.F.R. 404.1527.[2]

The ALJ was required to list specific reasons for the weight given to the treating source's opinion, supported by the evidence in the record, and must make it sufficiently specific to any subsequent reviewers the weight given to the treating source's medical opinion. SSR 96-2p, 1996 SSR LEXIS 9, 11-12 (July 2, 1996). There is nothing in the opinion indicating the ALJ actually reviewed Dr. Fawver's opinion and there is no explanation for why the ALJ assigned no weight to it. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (an ALJ's decision to accept one physician's opinion over another's without any consideration of the factors is reason for reversal). Even if there are sound reasons for refusing to give a source controlling weight, an ALJ is still required to determine what weight the assessment merits. *See Scott v. Astrue*, 637 F.3d 734, 740 (7th Cir. 2011). The ALJ wasn't permitted to just discard Dr. Fawver's opinion in its entirety. *See Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014). Remand is required because the court can't say the ALJ built a logical bridge from the evidence to his conclusion when certain evidence was completely ignored. *See Scrogham*, 765 F.3d at 697 n.48 (finding an ALJ ignoring the treatment records of several treating physicians is not harmless).[3]

---

[2] Because Ms. Isch's claim was filed before March 27, 2017, the weight of medical opinions is evaluated under 20 C.F.R. § 404.1527.

[3] The Commissioner cites *Fisher v. Brown*, 869 F.2d 1055, 1057 (7th Cir. 1989), for the principle that there is no need to remand "in quest of a perfect opinion unless there is reason to believe that the remand might lead to a

On a less significant scale, the court is also concerned about the handling of Dr. Fervida's opinion. Dr. Fervida is not a treating source, but he did examine Ms. Isch. An opinion from an examining source is generally given more weight than a source who hasn't examined the claimant. *See* 20 C.F.R. 404. 1527(c)(1). The ALJ found Dr. Fervida's opinion less consistent with evidence in the record, *i.e.*, Ms. Isch's daily activities, something Dr. Fervida appears to have also considered. It is difficult to say whether the ALJ properly weighed Dr. Fervida's opinion when he ignored statements from Ms. Isch's treating psychiatrist, Dr. Fawver, particularly when Dr. Fervida's expertise is psychology. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (an ALJ may not discuss only favorable evidence). Again, because the court cannot say the ALJ built a logical bridge, remand is required.

Ms. Isch also makes two arguments regarding the RFC. The first concerns whether the ALJ properly accounted for her mental limitations in concentration, persistence, and pace in the RFC and questions to the vocational expert. Specifically, the ALJ found that she can only maintain attention for two-hour periods. Ms. Isch says this is effectively a "non-limitation."

An ALJ must orient a vocational expert "to the totality of a claimant's limitations," including "deficiencies of concentration, persistence and pace." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Ordinarily, "the most effective way to ensure that the [expert] is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *Id.* An ALJ need not use "specific terminology," though. *Id.*

Ms. Isch argues the medical evidence from Drs. Fawver and Fervida support a greater limitation than a two-hour attention span. It is not this court's place to weigh evidence—that is within the ALJ's purview. *See Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000); *see also Underwood v. Astrue*, 430 F. Appx. 532, 535 (7th Cir. 2011) ("the ALJ is the factfinder in a disability proceeding—it is for

---

different result." "But [*Fisher*] did not address an outright failure to follow SSA regulations," *Outley v. Colvin*, 204 F. Supp.3d 989, 1006 (N.D. Ill. 2016), as is the case here, and the court cannot say on this record that consideration of Dr. Fawver would not result in any reevaluation of the result reached by the ALJ.

him to weigh evidence and determine credibility"). In this case, the ALJ hasn't considered some of the evidence Ms. Isch believes supports a greater limitation. Because the court is remanding for the ALJ to properly consider and weigh medical opinion evidence, it is possible the RFC will change; therefore, the court only cautions the ALJ on remand to fully account for any of Ms. Isch's limitations in concentration, persistence, and pace. *See O'Connor-Spinner*, 627 F.3d at 619.

Ms. Isch's final complaint regards her limitations on social interaction. The ALJ limited Ms. Isch to occasional interaction with supervisors and coworkers and no interaction at all with the public. Ms. Isch argues that the ALJ only limited the quantity of those interactions and not their quality. *See Hurley v. Berryhill*, 2018 U.S. Dist. LEXIS 150818, 10-11 (N.D. Ind. Sept. 5, 2018) (Springmann, J.) ("occasional contact" goes to the quantity of time, whereas "superficial contact" goes to the quality of the interactions). As support, she refers to the opinion of Dr. Fervida to show she is likely to have "great difficulty in social interactions." [R. 438].

Ms. Isch's complaint about her interactions with the public is odd, considering the ALJ limited her interaction with the public to none. The quality of those interactions seems rather moot when they do not exist. As for her interactions with supervisor and coworkers, Dr. Fervida's opinion doesn't specifically speak to the quality of her social interactions, and Ms. Isch doesn't point to any other opinion that speaks to the quality of those interactions. *Cf. Hurley*, 2018 U.S. Dist. LEXIS 150818 at 11 (remanding because the ALJ did not account for the psychologist's opinion that claimant was limited to superficial interactions despite assigning it great weight and wasn't contradicted by other opinions). The ALJ's limitation as written is supported by substantial evidence and builds a logical bridge.

## CONCLUSION

The court finds that because the ALJ ignored medical opinion evidence from a treating source and otherwise failed to build a logical bridge from the evidence to his conclusion, remand is required

in this case. The court accordingly GRANTS Ms. Isch's request for remand. The court further ORDERS the ALJ on remand:

(1) to conduct further administrative proceedings consistent with this opinion;

(2) to properly evaluate all medical opinions of record, including the January 2013 medical opinions from Dr. Jay Fawver and the November 2016 consultative examination opinion from Dr. Heath Fervida, and explain the weight that each opinion is accorded; and

(3) issue a new decision.

SO ORDERED.

September 4, 2020            *s/ Damon R. Leichty*
                             Judge, United States District Court